IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JACKIE SCOTT, on behalf of the UNITED STATES OF AMERICA, and STATE OF IOWA, | ) ) ) | Civil Action No. 3:13-CV-00102 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | TABLE OF CONTENTS TO |
| | ) | BRIEF IN SUPPORT OF |
| COMMUNITY CARE, INC., WILLIAM | ) | MOTION FOR COURT'S |
| M. BONNES, and ANGELA GANZER- | ) | ACCEPTANCE AND APPROVAL |
| BOVITZ, | ) | OF SETTLEMENT AGREEMENT |
| | ) | |
| Defendants. | ) | |

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of Settlement Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Legal Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JACKIE SCOTT, on behalf of the UNITED STATES OF AMERICA, and STATE OF IOWA, | ) ) ) | Civil Action No. 3:13-CV-00102 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | BRIEF IN SUPPORT OF |
| COMMUNITY CARE, INC., WILLIAM M. BONNES, and ANGELA GANZER-BOVITZ, | ) ) ) ) | MOTION FOR COURT'S ACCEPTANCE AND APPROVAL OF SETTLEMENT AGREEMENT |
| Defendants. | ) ) | |

**Background.**

Relator Jackie Scott ("Relator") filed her *qui tam* Complaint on or about September 19, 2013. Her Complaint, initially made on behalf of the United States of America ("Government"), alleged Community Care, Inc., ("CCI"), under the management of Defendants William M. Bonnes ("Bonnes") and Angela Ganzer-Bovitz ("Ganzer-Bovitz"), presented false claims for payment from the Medicaid health care program ("Medicaid") in violation of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, ("FCA"). Relator subsequently amended her Complaint to add the State of Iowa as a party and to allege violations of the Iowa False Claims Act, Iowa Code Chapter 685.

CCI is a business incorporated under State law for the purpose of operating Residential Care Facilities ("RCF"). CCI is a provider authorized to present claims to Medicaid for Day Habilitation Services and other services designed to assist individuals with functional deficits, including deficits resulting from chronic mental illness, to obtain skills needed to live and work successfully in home or community-based environments. CCI's business is headquartered in the

Southern District of Iowa, and CCI has operated RCF's located in both the Northern and Southern Districts of Iowa.

The Relator's suit alleges fraud in CCI's billing for Day Habilitation Services, in that, (a) the services were little more than basic care and supervision of the RCF residents; (b) such services were already fully reimbursed by the State through Iowa Medicaid Enterprise ("IME") upon CCI's billing for residential care; (c) to the extent CCI did provide services that qualified as Day Habilitation Services, CCI was systematically inflating the purported time spent on such services and billing IME, not for services rendered, but based solely on the number of days that a resident lived in a CCI RCF; (d) CCI supervisors instructed CCI staff to create false documentation to support these false claims presented to IME. According to IME, CCI has billed Medicaid for these and other related services beginning in fiscal year 2003, and continuing into fiscal year 2014 (the "Relevant Time").

On March 31, 2014, the State of Iowa sought protection from the dissipation of CCI's assets in a collateral action filed in State Court pursuant to Iowa Code § 249A.44. On July 9, 2014, the State Court ordered the appointment of a receiver ("Receiver") upon joint motion of the State of Iowa and CCI under Iowa Code § 249A.44(3).

On April 7, 2014, the State of Iowa filed notice of its election to intervene in Relator's *qui tam* action. Four days later, the Government filed its Notice of Election to Decline Intervention which was amended by the Government on August 20, 2014.

On October 14, 2014, Plaintiffs filed a Motion to Enter Consent Decree, along with a Consent Decree signed by Plaintiffs' attorneys, the Receiver's attorney, and the corporate Defendant CCI's attorney. The Government was not consulted about the content of these

3

pleadings and took exception to releases of CCI under the FCA that only could be granted by the Government.

This prompted several meetings between Government counsel and the other attorneys in which these disputed issues have been compromised and settled. Filed herewith is the written Settlement Agreement, the terms of which have been assented thereto by all of the Settling Parties as witnessed by the signatures of their legal representatives.

### Summary of Settlement Agreement.

CCI is admitting liability, and concedes that the claims of the United States, the State of Iowa, and the Relator are well founded. CCI is not admitting as to a certain sum of damages under the Federal False Claims Act and/or the State False Claims Act. (¶ 11). CCI is agreeing to the entry of a judgment in favor of the United States, the State, and the Relator in a total amount of $9,184,078.00, of which the Government's share is $4,878,215.00, the State's share is $4,122,174.00, and the Relator will receive 2% of the judgment amount, potentially $183,689.00, in satisfaction of Relator's claims for (a) reasonable expenses, attorneys' fees and costs, and (b) retaliatory discharge by CCI. (¶¶ 14, 15, 17, and 19). The United States and the Relator have agreed that the Relator's Share should be 27.5% of all recoveries by the United States that are obtained to satisfy the Government's share; the State and the Relator have agreed that the Relator's Share should be 20% of all recoveries by the State that are obtained to satisfy the State's share. (¶¶ 16 and 18).

Distribution of the aggregate amount that the courts allow to be used to satisfy the Judgment, after all appeals have been exhausted, is addressed in paragraphs 20 and 21, with 38.5% to be disbursed to the United States, 35.9% to be disbursed to the State of Iowa, and

4

25.6% to be disbursed to the Relator. (¶ 23). Releases, exceptions, and coverage are covered in paragraphs 24 through 48.

**<u>Legal Citations</u>**.

Judicial policy favors compromise and settlement because it creates the opportunity to conserve judicial resources and reduces unnecessary expenditures of those resources. *Stewart v. M.D.F., Inc.*, 83 F.3d 247 (8th Cir. 1996); *Westlake Investments, LLC v. MLP Management, LLC*, 842 F. Supp. 2d 1119, 1125 (S.D. Iowa 2012). The painstaking negotiations resulting in the instant Settlement Agreement works in favor of an efficient settlement of the controversy between the settling parties, furthers the ends of justice, and conserves judicial resources.

The settling parties have mutually agreed that settlement as proposed is fair, adequate, and reasonable under the circumstances. The Settlement Agreement does not affect any individual claims Relator may have against the named individual Defendants, William Bonnes and Angela Ganzer-Bovitz, nor does it affect any defenses these Defendants may have to Relator's individual claims against them.

Although this Court "has the inherent authority to enforce a settlement agreement," *Westlake Investments*, *id.*, the settling parties believe this Court should expressly retain jurisdiction to enforce the terms of the Settlement Agreement, and to dismiss the action in whole or in part upon motion of the settling parties after satisfaction of its terms.

The settling parties are all in agreement to the settlement terms and do not believe there is a need under the circumstances for a hearing to determine the fairness, adequacy, and reasonableness of its terms.

Respectfully submitted,

Nicholas A. Klinefeldt
United States Attorney

*/s/ Richard L. Richards*
Richard L. Richards
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tele:   (515) 473-9357
Fax:    (515) 473-9282
E-mail:  Richard.richards@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

Matt Reilly
Amy Licht
Adam Zenor
Joseph F. Moser
Angela Ganzer-Bovitz

*/s/ Richard L. Richards*
Richard L. Richards
Assistant U.S. Attorney

6